Filed in Dawson District Court
*** EFILED ***
Case Number: D18CI200000482
Transaction ID: 0012378242
Filing Date: 12/23/2020 12:55:00 PM CST

THE DISTRICT COURT OF DAWSON COUNTY, NEBRASKA

| | | |
|---|---|---|
| JOE F. URBANEC, | ) | |
| | ) | Case No. CI _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| BOTTLING GROUP, LLC, a Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, Joe F. Urbanec, and for his causes of action against Defendant hereby states and alleges as follows:

### Parties

1.  Plaintiff, Joe F. Urbanec, is a resident of Gothenburg, Dawson County, Nebraska.

2.  Defendant, Bottling Group, LLC, is a Delaware limited liability company with its principal office address at 1111 Westchester Avenue, White Plains, NY 10604.

### Jurisdiction and Venue

3.  Plaintiff's causes of action are based on age discrimination in his employment with Defendant in violation of both the Nebraska Age Discrimination in Employment Act (hereinafter "NADEA") and the Age Discrimination in Employment Act (hereinafter "ADEA") codified respectively at Neb. Rev. Stat. § 48-1001, *et seq.*, and 29 U.S.C. § 621, *et seq.*



EXHIBIT A

4.Plaintiff further alleges Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 *et seq.* (hereinafter "NWPCA").

5.This Court has subject-matter jurisdiction over this case pursuant to Neb. Rev. Stat. § 24-517 because there is an actual and justiciable controversy between the parties to this lawsuit and the amount in controversy is $57,000 or more.

6.This Court has personal jurisdiction over Defendant pursuant to Neb. Rev. Stat. § 25-536 because Defendant transacted business in the State of Nebraska and contracted to supply services in the State of Nebraska. In addition, personal jurisdiction over Defendant complies with the Nebraska and the United States Constitutions.

7.Venue is proper in Dawson County pursuant to Neb. Rev. Stat. § 25-403.01 because no Defendant is a resident of Nebraska, and as such this lawsuit can be filed in any county.

8.Defendant is an employer as defined by 29 U.S.C. § 630 because Defendant is engaged in an industry affecting interstate commerce and employs a sufficient number of employees.

9.Plaintiff exhausted his administrative remedies by timely filing a Charge of Discrimination with the Nebraska Equal Opportunity Commission and the United States Equal Employment Opportunity Commission. He received a notice of right to sue letter from the United States Equal Opportunity Commission dated September 28, 2020. This Complaint is timely filed within ninety days after Plaintiff's receipt of his Notice of Right to Sue letter.

10.The EEOC has not filed suit on any facts alleged in this case.

## Statement of Facts

11. Plaintiff hereby incorporates the allegations in Paragraphs 1 through 10 above as if though fully set forth herein.

12. Plaintiff is a 63-year-old male whose date of birth is October 21, 1957.

13. Plaintiff was employed by Defendant from August 1, 1980 until June 4, 2019.

14. At the time of his termination, he was employed at a Food Service Sales Representative.

15. Throughout his employment with Defendant, Plaintiff was qualified for his position and performed his duties and responsibilities in a professional and competent manner, satisfying all requirements and duties of his position.

16. All of Plaintiff's job performance evaluations were favorable.

17. In 2017, Erin Golden became Plaintiff's supervisor.

18. Starting after Ms. Golden became Plaintiff's supervisor, Plaintiff encountered numerous situations at work which he perceived as a hostile work environment, discrimination, and disparate treatment.

19. After becoming Plaintiff's supervisor, Ms. Golden made derogatory comments about Plaintiff's age. On many occasions when Plaintiff would do or say something, she would respond beginning "at your age….." and then comment on Plaintiff's actions or statements. She repeatedly asked how long Plaintiff had been with the company. She also made derogatory comments about Plaintiff's ability to use technology.

20. In 2019, Ms. Golden required Plaintiff to copy her on all his emails. She did not have this requirement for any other employee.

21. Plaintiff complained to human resources about Ms. Golden's treatment of him, but no action was taken.

22. On May 14, 2019, Ms. Golden informed Plaintiff he was being suspended with pay pending an investigation into a customer complaint.

23. On June 4, 2019, Plaintiff was terminated for allegedly shouting and cussing at a customer. Plaintiff denies shouting and cussing at a customer, which he told Defendant.

24. Plaintiff did have an interaction with the customer in which he attempted to enforce Defendant's product placement policies. The customer was not happy with Plaintiff's enforcement of the policies when the customer had been told by another of Defendant's employees he did not have to comply with the product placement policies.

25. On information and belief, Plaintiff was replaced by someone younger than him.

26. During his employment, Plaintiff was promised bonus and incentive pay based on performance.

27. Plaintiff met the requirements for the bonus and incentive pay for the following accounts: Oxford Locker, Mrs. Robertson's Cotton Candy, Shows Round Top Bar and Grill, Arrowhead Meadows, Alma Golf Course, and Riverside Country Club.

28. Defendant failed to pay Plaintiff his promised bonus and incentive pay.

## First Cause of Action – Violation of the ADEA

29. Plaintiff hereby incorporates the allegations in Paragraphs 1 through 28 above as if though fully set forth herein.

30. At all relevant times, Plaintiff was an "employee" under the ADEA, 29 U.S.C. § 630(f).

31. At all relevant times, Defendant was an "employer" under the ADEA, 29 U.S.C. § 630(b).

32. By its actions detailed above, Defendant unlawfully discriminated against Plaintiff on the basis of his age in violation of the ADEA.

33. Plaintiff was harmed by the adverse employment actions.

34. Due to his age, Plaintiff suffered discrimination by management and co-workers before he was terminated.

35. Due to his age, Plaintiff suffered harassment by management and co-workers before he was terminated.

36. Due to his age, Plaintiff suffered working in a hostile work environment before he was terminated.

37. By reason of the foregoing, Plaintiff suffered economic damage, including loss of salary, loss of benefits, loss of a pension and/or other economic loss, and has suffered emotional pain and anguish and/or has suffered damage to his reputation.

38. Defendant's conduct was willful, entitling Plaintiff to liquidated damages and/or punitive damages pursuant to 29 U.S.C. § 626 (b).

### Second Cause of Action – Violation of the NADEA

39. Plaintiff hereby incorporates the allegations in Paragraphs 1 through 38 above as if though fully set forth herein.

40. Defendant violated Nebraska state law when it discriminated against Plaintiff with respect to Plaintiff's terms, conditions, or privileges of employment, otherwise lawful, because of Plaintiff's age when Defendant terminated Plaintiff.

41. The reasonable demands of the position held by Plaintiff at the time of Defendant's discriminatory conduct did not require an age distinction.

### Third Cause of Action - Violation of Due Process

42. Plaintiff hereby incorporates the allegations in Paragraphs 1 through 41 above as if though fully set forth herein.

43. Plaintiff had a reasonable and legitimate expectation of continued employment with Defendant at all times relevant to this action.

44. Plaintiff was denied due process by Defendant's failure to follow proper procedures and protocols leading to his termination.

45. Plaintiff was denied due process by Defendant's failure to consistently enforce standards of conduct among all employees.

46. Plaintiff's termination caused him to lose him vested interest in his employment, causing him to be damaged as set forth in this Complaint.

### Fourth Cause of Action – Tortious Interference

47. Plaintiff incorporates by this reference Paragraphs 1 through 46 of this Complaint as though fully stated herein.

48. Prior to June 4, 2019, a valid business relationship or expectancy existed between Plaintiff and Defendant.

49. Prior to June 4, 2019, Defendant knew of a valid business relationship or expectancy that existed between Plaintiff and Defendant.

50. Defendant, through its employees conspired to interfere with the valid business relationship or expectancy that existed between Plaintiff and Defendant.

51. Defendant, Ms. Golden, and other undiscovered employees of Defendant conspired to and did interfere with the valid business relationship or expectancy that existed between Plaintiff and Defendant by terminating the employment of Plaintiff with Defendant on June 4, 2019.

52. The interference with the valid business relationship or expectancy that existed between Plaintiff and Defendant was intentional.

53. The interference with the valid business relationship or expectancy that existed between Plaintiff and Defendant was unjustified.

54. The interference with the valid business relationship or expectancy that existed between Plaintiff and Defendant was a proximate cause of damages to Plaintiff.

### Fifth Cause of Action – Violation of the FLSA

55. Plaintiff incorporates by this reference Paragraphs 1 through 54 of this Complaint as though fully stated herein.

56. Plaintiff was not provided with his bonus and incentive pay as required by the FLSA.

57. Defendant knew or should have known Plaintiff was entitled to bonus and incentive pay.

58. Defendant willfully refused to provide Plaintiff with his earned bonus and incentive pay.

59. Defendant violated the FLSA without a good-faith basis for the method of payment of Plaintiff.

60. Defendant's failure to pay Plaintiff, violates the provisions of the FLSA, and renders Defendant liable to Plaintiff for unpaid wages, liquidated damages, interest, attorneys' fees, and costs.

### Sixth Cause Of Action – Violation Of The Nebraska Wage Payment And Collection Act

61. Plaintiff incorporates by reference paragraphs 1 through 60 of this Complaint as though fully stated herein.

62. Plaintiff was an employee subject to the wage provisions of the Nebraska Wage Payment and Collection Act.

63. Plaintiff made multiple requests for payment in full for his bonus and incentive pay and Defendant willfully denied Plaintiff's claims and did not render payment in a timely manner.

64. Defendant willfully violated the NWPCA by failing to pay Plaintiff his earned bonus and incentive pay.

65. Defendant's failure to pay wages owed to Plaintiff violates the provisions of the NWCPA, and renders Defendant liable to Plaintiff for unpaid wages, penalties, interest, attorneys' fees, and costs.

### Prayer for Relief

WHEREFORE Plaintiff requests this Court enter judgment in his favor and against Defendant for the following:

66. Special Damages: Past and future wages, past and future loss of earning capacity, past and future loss of benefits of employment, medical benefits, medical expense, and other compensatory and wage damages as will be proven at trial.

67. General Damages: Discrimination, humiliation, and other general damages.

68. Punitive Damages: Punitive damages should be assessed against Defendant only in amounts determined appropriate at trial.

69. Attorney's Fees and Costs: All reasonable attorney's fees, including contingent attorney's fees, and all costs should be awarded as additional judgment against Defendant.

70. Other relief: This Court should award other such relief as deemed appropriate, equitable, or just, including interest on any judgment at the highest legal rate.

### Demand for Trial by Jury

Plaintiff hereby demands a trial by jury in the above-captioned matter.

    JOE F. URBANEC, Plaintiff

    BY    SMITH, JOHNSON, ALLEN,
            CONNICK & HANSEN
            104 N. Wheeler Avenue
            Grand Island, NE 68801
            Telephone: (308) 382-1930
            thansen@gilawfirm.com

    By    /s/ Tanya J. Hansen
            Tanya J. Hansen, #23306

5939-1/861948

Filed in Dawson District Court
\*\*\* EFILED \*\*\*
Case Number: D18CI200000482
Transaction ID: 0012378242
Filing Date: 12/23/2020 12:55:00 PM CST

THE DISTRICT COURT OF DAWSON COUNTY, NEBRASKA

| | |
|---|---|
| JOE F. URBANEC,<br><br>               Plaintiff,<br><br>vs.<br><br>BOTTLING GROUP, LLC, a Delaware limited liability company,<br><br>               Defendant. | Case No. CI _____<br><br>**PRAECIPE FOR SUMMONS** |

TO THE CLERK OF SAID COURT:

Please issue a Summons to the Defendant as follows:

Bottling Group, LLC
CT Corporation System, Reg. Agent
5601 South 59th Street, Ste C
Lincoln, NE 68516

Service shall be made by the Plaintiff's attorney serving the Defendant by Certified United States mail, with a copy of the Complaint and Summons issued herein.

Please endorse on the Summons that if Defendant fails to appear and answer as directed, the Court may enter judgment for relief demanded in the Complaint.

                JOE F. URBANEC, Plaintiff

                BY    SMITH, JOHNSON, ALLEN,
                         CONNICK & HANSEN
                         104 N. Wheeler Avenue
                         Grand Island, NE 68801
                         (308) 382-1930
                         thansen@gilawfirm.com

                By    /s/ Tanya J. Hansen_____
                         Tanya J. Hansen, #23306

5939-1/862807

| | | |
|---|---|---|
| Image ID:<br>D00047936D18 | **SUMMONS** | Doc. No.    47936 |

IN THE DISTRICT COURT OF Dawson COUNTY, NEBRASKA
Dawson County Courthouse
700 N. Washington St., Room E
Lexington            NE 68850

Joe F Urbanec v. Bottling Group, LLC

Case ID: CI 20      482

TO:   Bottling Group, LLC

**FILED BY**
Clerk of the Dawson District Court
12/23/2020

You have been sued by the following plaintiff(s):

Joe F Urbanec

Plaintiff's Attorney:   Tanya J Hansen
Address:                Connick & Hansen
                        104 N Wheeler Avenue
                        Grand Island, NE 68801
Telephone:              (308) 382-1930

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:  DECEMBER 23, 2020      BY THE COURT:  _Becky Brupa_
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Bottling Group, LLC
CT Corporation System, Reg. Agent
5601 South 59th Street, Ste C
Lincoln, NE 68516

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| | SERVICE RETURN | Doc. No.   47936 |
|---|---|---|

DAWSON COUNTY DISTRICT COURT
Dawson County Courthouse
700 N. Washington St., Room E
Lexington          NE 68850

To:
Case ID: CI 20    482 Joe F Urbanec v. Bottling Group, LLC

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return     $ _____
Copy                       _____
Mileage ____miles          _____
   TOTAL              $ _____

Date: _____   BY: _____
                                          (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Bottling Group, LLC                 From: Tanya J Hansen
    CT Corporation System, Reg. Agent         Connick & Hansen
    5601 South 59th Street, Ste C             104 N Wheeler Avenue
    Lincoln, NE 68516                         Grand Island, NE 68801

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Filed in Dawson District Court
*** EFILED ***
Case Number: D18CI200000482
Transaction ID: 0012427342
Filing Date: 01/04/2021 11:08:37 AM CST

## SERVICE RETURN

DAWSON COUNTY DISTRICT COURT
Dawson County Courthouse
700 N. Washington St., Room E
Lexington         NE 68850

To:
Case ID: CI 20    482 Joe F Urbanec v. Bottling Group, LLC

Received this Summons on _____, ____. I hereby certify that on _____ Summons...

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Bottling Group, LLC
   CT Corporation System, Reg. Agent
   5601 South 59th Street, Ste C
   Lincoln, NE 68516

   9590 9402 4843 9032 0911 88

2. Article Number (Transfer from service label)

   7020 0640 0000 9507 3021

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X  Joh Holbrook          ☒ Agent
      Josh Holl              ☐ Addressee
B. Received by (Printed Name)        C. Date of Delivery
   X

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

   DEC 31 2020  (CHENEY RIDGE ANNEX, LINCOLN NE)

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Mail
   ☐ Mail Restricted Delivery (over $500)
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____
   Bottling Group, LLC
   CT Corporation System, Reg. Agent
   5601 South 59th Street, Ste C
   Lincoln, NE 68516

on the 28th day of December 2020, as required by Nebraska state law.

Postage $ 7.10    Attorney for: Tanya J. Hansen / Joe F. Urbanec, Plaintiff

The return receipt for mailing to the party was signed on Dec. 31, 2020

To: Bottling Group, LLC                 From: Tanya J Hansen
    CT Corporation System, Reg. Agent         Connick & Hansen
    5601 South 59th Street, Ste C             104 N Wheeler Avenue
    Lincoln, NE 68516                         Grand Island, NE 68801

**ATTACH RETURN RECEIPT & RETURN TO COURT**

## Certificate of Service

I hereby certify that on Monday, January 04, 2021 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Bottling Group, LLC service method: No Service

Signature: /s/ Hansen,Tanya Jo (Bar Number: 23306)